IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SALOMON L. RAEL,

       Plaintiff,

vs.                                                                                                       No. CIV-05-682 LH/WPL

JOELLA M. APODACA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States of America's Motion to Dismiss and Supporting Brief (Doc. No. 5, filed September 12, 2005). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, the Court shall **GRANT** Defendant's Motion and dismiss Plaintiff's Complaint without prejudice.

Plaintiff's Complaint for Violation of Civil Rights, (Doc. No. 1, filed June 17, 2005), alleges the following facts. Plaintiff "received a 'Final Notice - Notice of Intent to Levy and Notice of your [sic] Rights to a Hearing' notice." (*Id*. ¶ 12). After Plaintiff made a timely request for a face-to-face collection due process hearing ("CDP hearing"), Defendant, who is an agent of the Appeals Team of the Internal Revenue Service ("IRS"), stated that she would deny Plaintiff his face-to-face CDP hearing if he were to raise any frivolous issues. (*Id*. ¶¶ 11, 13-14). Defendant denied Plaintiff a face-to-face CDP hearing and issued a "Notice of Determination." (*Id*. ¶¶ 16-17). Plaintiff claims that Defendant's actions deprived him of his right to due process as guaranteed by the Fifth Amendment of the United States Constitution. (*Id*. ¶ 12).

Plaintiff filed his complaint "for the purpose of compelling the Defendant, and/or other such IRS agents who similarly have such a responsibility, to afford Plaintiff his due process rights pursuant

to the Fifth Amendment to the United States Constitution, insofar as said CDP hearing is concerned." (*Id*. ¶ 16). The Internal Revenue Code provides that prior to the issuance of an administrative tax levy, the IRS must give the taxpayer notice of an opportunity for a CDP hearing before the IRS Office of Appeals. 26 U.S.C. § 6330(a), (b). Plaintiff asks the Court to order Defendant and other IRS employees to provide a fair hearing for all assessments, penalties and interest against Plaintiff for the tax year 2001. (*Id*. at 5).

The Court must construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but should not "assume the role of advocate," *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992). While the Complaint names Joella M. Apodaca as the only defendant, this action is actually against the United States, even though the United States is not actually named as a party. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States").

The United States, under settled principles of sovereign immunity, "is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (internal quotations omitted). Plaintiff bears the burden of showing a waiver of sovereign immunity, which "must be strictly construed in favor of the sovereign[,] may not be extended beyond the explicit language of the statute[, and] cannot be implied, but must be explicity expressed." *Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992) (citations omitted).

Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1361 (jurisdiction over actions to compel officer of United States to

perform his duty). (*Id*. ¶¶ 1-2, 4). These statutes confer general jurisdiction and "sovereign immunity is not waived by general jurisdictional statutes." *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992). Plaintiff also asserts that Defendant Apodaca "may be sued because he [sic] may not claim sovereign immunity under the provisions of the Federal Tort Claims Act. (Compl. ¶ 3). However, the provisions of the Federal Tort Claims Act do not apply to "[a]ny claim arising in respect of the assessment or collection of any tax," 28 U.S.C. § 2680(c), which this case does.

Plaintiff characterizes his suit as a civil rights controversy, stating that the purpose of his suit is not to seek a damage award, dispute his tax liability, or restrain or stay assessment or collection of any tax. (*Id*. ¶¶ 1, 3, 5, 7-8). However, the IRS has already issued a "Notice of Determination" to Plaintiff. (*Id*. ¶ 17). The relief Plaintiff seeks, an order requiring that the IRS provide a fair hearing, would, if granted, effectively appeal the IRS determination and restrain collection of taxes.

With few exceptions, the Internal Revenue Code prohibits suits in any court by any person for the purpose of restraining the assessment or collection of any tax. 26 U.S.C. § 7421(a). Under one of those exceptions, a person may appeal a determination of an appeals officer to the Tax Court or to a district court of the United States if the Tax Court does not have jurisdiction of the underlying tax liability. 26 U.S.C. § 6330(d)(1). Plaintiff does not allege that the Tax Court does not have jurisdiction of the underlying tax liability. And, this Court does not have jurisdiction over civil claims challenging taxes unless litigants first pay the assessed tax and then raise the claims in a refund suit. *See Flora v. United States*, 362 U.S. 145, 177 (1960) (construing 28 U.S.C. § 1346(a)(1) which gives district courts jurisdiction over civil suits challenging tax assessments); *see also Glass v. Internal Revenue Service*, 21 Fed. Appx. 870, 872 (10th Cir. 2001) (district court has no jurisdiction over plaintiff's constitutional procedural due process claims in suit contesting IRS' determination of

her liability for income taxes); *White v. United States*, 250 F. Supp. 2d 919, 922 (M.D. Tenn. 2003) (Tax Court has jurisdiction over procedural due process claims involving a CDP hearing, and district courts do not).

This Court does not have jurisdiction over Plaintiff's constitutional procedural due process claim. The Court, therefore, shall dismiss the Complaint without prejudice. *See* 26 U.S.C. § 6330 (d)(1) ("If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.").

**IT IS SO ORDERED.**

                s/Electronically Signed
                **C. LEROY HANSEN**
                **SENIOR UNITED STATES DISTRICT JUDGE**