IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SALOMON L. RAEL,

        Plaintiff,

vs.                                                 No. CIV-05-682 LH/WPL

JOELLA M. APODACA,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 12, filed November 23, 2005) and Plaintiff's Motion for Enlargement of Time Instanter within which to File Plaintiff's Motion for Reconsideration (Doc. No. 13, filed November 23, 2005). The Court has reviewed Plaintiff's Motion for Reconsideration and the relevant law. For the reasons set forth below, the Court shall **DENY** Plaintiff's Motion for Reconsideration. Plaintiff's Motion for Enlargement of Time will be **DENIED** as moot.

Plaintiff's filed his "Complaint for Violation of Civil Rights," seeking, among other things, an order that Defendant shall afford Plaintiff a "face-to-face" Collection Due Process ("CDP") hearing. (Doc. No. 1, filed June 17, 2005, ¶¶ 4-18). After concluding that it did not have jurisdiction over Plaintiff's constitutional procedural due process claims, the Court granted the United States of America's Motion to Dismiss, (Doc. No. 5, filed September 12, 2005), and dismissed the Complaint without prejudice. (*See* "Opinion," Doc. No. 11, filed November 9, 2005). Plaintiff then filed the Motion currently before the Court. Defendant did not file a response.

Plaintiff argues that the Court incorrectly "base[d] its decision on the premise that this controversy is over the substance of a Collections Due Process officer's determination." (*See* Mot. for Reconsideration at 1-2). Plaintiff cites the Court's Opinion where it states "The relief Plaintiff seeks, an order requiring that

the IRS provide a fair hearing, would, if granted, effectively appeal the IRS determination and restrain collection of taxes." (*Id.*). Plaintiff maintains that his case is merely a petition for a writ of mandamus to compel Defendant to provide Plaintiff with a face-to-face CDP hearing. (*Id.* at 2).

Although the Court has the power to revisit its prior decisions, "as a rule [the Court] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) (citation omitted). When faced with a motion for reconsideration, a district court must balance the need for finality against the duty to render just decisions. *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000). In order to accommodate these competing interests, a court should grant a motion for reconsideration only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law of the first order. *Id.* It is not the purpose of a motion to reconsider to revisit issues already addressed or to advance new arguments that were otherwise available for presentation when the original motion was briefed. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1992).

Movant does not base his motion on an intervening change in the law or on the discovery of new evidence not previously available. Nor, for the reasons that follow, does Movant demonstrate a clear error of law in the Court's Opinion, (Doc. No. 11, filed November 9, 2005).

The Internal Revenue Code provides for notice and opportunity for a CDP hearing before an appeals officer upon filing of a notice of lien and before levy. 26 U.S.C. §§ 6320 and 6330. The person requesting a hearing may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy. 26 U.S.C. §§ 6320(c) and 6330(c). After considering any issues raised at the hearing, the appeals officer makes a determination. 26 U.S.C. §§ 6320(c) and 6330(c). If the person is dissatisfied with the determination, judicial review is available. 26 U.S.C. §§ 6320(c) and 6330(d).

Plaintiff seeks a writ of mandamus ordering Defendant to provide him with a face-to-face CDP hearing.  (Mot. at 2).  A writ of mandamus is an extraordinary remedy that may only be invoked in exceptional circumstances.  *Kerr v. United States Dist. Ct. for the N. Dist. of California*, 426 U.S. 394, 402 (1976).  The Court's jurisdiction over a mandamus petition depends on the character of the government's duty to the petitioner.  *Rios v. Ziglar*, 398 F.3d 1201, 1206 (2005).  The test for jurisdiction is whether mandamus would be an appropriate means of relief.  *Id*. at 1207.  To be eligible for mandamus relief, the petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy.  *Id*. at 1206.

Mandamus is not an appropriate form of relief in this case.  Plaintiff has not demonstrated that he has a clear right to a face-to-face CDP hearing.  CDP hearings are informal in nature and do not require the appeals officer and the taxpayer to hold a face-to-face meeting.  26 C.F.R. §§ 301.6320-1 and 301.6330-1.  Nor has Plaintiff demonstrated that Defendant has a duty to provide for a hearing after Plaintiff received a Notice of Determination.  (*See* Compl., Doc. 1, filed June 17, 2005, ¶ 17 ("A 'Notice of Determination' dated May 12, 2005, was issued, without affording Plaintiff his face-to-face CDP hearing.")).  The tax code provides for a CDP hearing *before* the appeals officer makes a determination.  *See* 26 U.S.C. §§ 6320(c) and 6330(c).  The tax code does not impose a duty on Defendant to provide for a hearing *after* making a determination.  *See* 26 U.S.C. §§ 6320(c) and 6330(d).

Plaintiff also has not demonstrated that he does not have an adequate remedy.  The tax code provides for judicial review of his determination.  *See* 26 U.S.C. §§ 6320(d)(1) ("Judicial review of determination.  The person may, within 30 days of a determination under this section, appeal such determination (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the

3

United States."). The Tax Court also has jurisdiction over Plaintiff's claim of violation of civil rights, i.e. denial of due process. *See Glass v. Internal Revenue Service*, 21 Fed. Appx. 870, 872 (10th Cir. 2001) (district court has no jurisdiction over plaintiff's constitutional procedural due process claims in suit contesting IRS' determination of her liability for income taxes); *White v. United States*, 250 F. Supp. 2d 919, 922 (M.D. Tenn. 2003) (Tax Court has jurisdiction over procedural due process claims involving a CDP hearing, and district courts do not). Like the judgments of the district courts, the decisions of the Tax Courts are appealable to the regional United States Courts of Appeal. *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 891 (1991). Furthermore, this Court has jurisdiction over any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, but only after full payment of the assessment. *See* 28 U.S.C. § 1346(a)(1); *Flora v. United States*, 362 U.S. 145, 177 (1960).

Finally, the statute, 28 U.S.C. § 1361, permits the issuance of mandamus but does not require its issuance. Mandamus is issued at the discretion of the Court. *See Hayakawa v. Brown*, 415 U.S. 1304, 1305 (1974). For the reasons given above, the Court will not issue mandamus in this case. Plaintiff's Motion for Reconsideration will be denied.

**IT IS SO ORDERED.**

s/Electronically signed by Hon. C. LeRoy Hansen
**C. LEROY HANSEN**
 **SENIOR UNITED STATES DISTRICT JUDGE**